**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jorge Avelar, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 5904 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jorge Avelar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Jorge Avelar ("Avelar"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Capital One credit card, despite the fact that he had exercised his rights, under the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MCM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant MCM.

7. Defendants MCM and Midland are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, MCM

and Midland each conduct extensive and substantial business in Illinois.

8.     Defendants MCM and Midland are both licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants MCM and Midland act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.     Mr. Avelar is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Capital One credit card.  At some point in time after that debt became delinquent, Defendant Midland bought/obtained Mr. Avelar's Capital One debt, and when Defendants began trying to collect this debt from him, by sending him a collection letter, dated January 30, 2011, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.  A copy of Defendants' letter is attached as Exhibit C.

10.     Accordingly, on February 26, 2011 one of Mr. Avelar's attorneys at LASPD informed Defendants that Mr. Avelar was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Avelar was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Undeterred, Defendants then sent Mr. Avelar a collection letter, dated April 13, 2014, demanding payment of the Capital One debt.  A copy of this collection letter is attached as Exhibit E.

12.     Accordingly, on June 23, 2014, Mr. Avelar's LASPD attorney had to send

Defendants yet another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Avelar's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Avelar was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Avelar was represented by counsel, and had directed a cessation of communications with Mr. Avelar (Exhibit D). By directly sending Mr. Avelar a collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Jorge Avelar, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Avelar, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jorge Avelar, demands trial by jury.

                                                      Jorge Avelar,

                                                      By: /s/ David J. Philipps
                                                      One of Plaintiff's Attorneys

Dated: August 1, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com